The court is prepared to hear argument in the case of Hanna v. Lynch. We'll hear from the appellant. Good morning, and may it please the court. My name is Solmaz Taghavi, and I represent the appellant, Mr. Basam Hanna. The immigration judge, as affirmed by the BIA, erred as a matter of law by admitting the statement of Mr. Hanna's ex-spouse without presenting her as a witness. This denied Mr. Hanna a fundamentally fair hearing and violated his Fifth Amendment right to procedural due process. Did he really want her there? I'm sorry, Your Honor? Did he really want his ex-wife to come and testify to that effect? Sure, Your Honor. If a credibility finding is going to be made as to Mr. Hanna in this case, she sure should show up herself so a credibility assessment could be made to her own testimony. Why not ask the immigration judge to issue a subpoena? Well, that's an issue here. Why wouldn't a defendant do that? Because the burden of proof in this context is with DHS. It is not Mr. Hanna's duty to prove that he had a bona fide marriage. Is the report admissible or inadmissible because of the rules of evidence? In other words, do the rules of evidence apply here? It is correct, Your Honor, that the federal rules of evidence and the federal rules of civil procedure are relaxed in immigration proceedings. Well, that's what I'm getting at. I'm getting at the relaxed nature of this and the fact that you did have the person that took a statement to testify. You got the report there and it's all there. You've got this period of time, the court has given a continuance to allow for the government to go and try to get the witness and come back and say, well, we can't get it, we'll rely on this evidence. We're dealing with an immigration case and I mean, I can join with you in saying this really is terrible and horrible, but we've got to live in the world of immigration law and that law is pretty specific in terms of how this happens here. So ultimately, what we have is we have this report and what's troubling here is they have the burden, but it's the immigration case. And your client is about to be deported and you want a witness there and it's very easy to just ask the IOJ or the immigration judge and say, it's your subpoena for this lady, make her come in here. It didn't happen. In fact, I'm not sure it was much of an effort. At one point, even the question came up of should it be continuous. Well, I want to go ahead and get this over with. And that's where I got the point was did you really want her there? Because it didn't look like to me from the record that, you know, given those facts there, you really wanted her to come in and render that kind of testimony. Your Honor, to your first point, in the realm of immigration law, there are relaxed federal rules of evidence. But even under these relaxed rules, there are limitations. It's not a free-for-all. And the limitation to that is that that evidence must be probative and its use must be fundamentally fair. Due process. Exactly. A little due process. Exactly, Your Honor. And here, the use of that statement was both fundamentally unfair and not probative. Now, to the first point. We've got a whole bunch of other evidence. I mean, what we're talking about is a fraudulent marriage, right? That's correct. And so you've got all this other evidence here. It wasn't much of a marriage. And then you've got this, I guess this is Zinger, that comes from the wife and says, he paid me money to marry him and it was fraudulent. I suppose she gave that statement because it's got to be, I tried to find it, but it's got to be a statute of limitations to prosecute her or something there for her to make a statement like that. Because that's illegal. She can't. I mean, you just don't go out and give a statement that says I fraudulently married somebody to a federal agency, do you? No, Your Honor. Does she have immunity? Not that I'm aware of, no. Let me go back to something that you mentioned, a continuance. I would disagree with that statement. You disagree that there was a continuance in the matter of about less than two weeks or so? Yes, Your Honor. I disagree with that because as an initial hearing, right? Yes. So it was made at that initial hearing or did you come back later? The evidence was submitted three days before the individual hearing. And at the individual hearing, Mr. Hanna's attorney objected to the admission of that statement on the basis that that witness was not present. Now this is where the immigration judge, this is where the agency has a duty to inquire about reasonable efforts, if reasonable efforts were to be made before admitting in that statement. Sui sponte. Exactly. You don't have to ask them to do it. No, the judge. The defendant can sit over there and just be quiet the whole time. Don't say, Judge, I need you to make an inquiry here. Judge, I need you to issue a subpoena. Well, that goes back to burden of proof. It's not Mr. Hanna's burden to show he had a bona fide case. There's a case on point. You're going to tell me that tells that is exactly what must happen. The defendant can sit in there the whole time and say absolutely nothing and never ask for anything. Well, the burden of proof. Just like in a regular criminal case. The burden of proof is with DHS in this specific context. But it's not a criminal case. You're not in a regular court. We already know you've got relaxed rules of evidence here. He's about to be deported. You can't come up with this burden of proof stuff here, and you know what the rules are in the immigration world. He'll be home and sent back by the time you get something out of this. You're sitting there and not once have asked an immigration judge to issue a subpoena or make some inquiry here, ask some questions about diligence or something here. We want this woman here. Your Honor, the burden of proof is with DHS. DHS decides what evidence that they are going to put on to meet the elements of deportability. And it's not an unreasonable request to ask DHS to take into consideration the due process rights of the respondent. I totally agree, and I don't want to beat it to death, but you said the burden of proof. You've already told me the rules of evidence are relaxed. They've got that report. They're relaxed. They've got a testimony. The agencies have testified to it. They've got all this other circumstantial evidence that's around it there, and what they don't have is the witness there, which is a due process consideration. That's not burden of proof. That's due process. And you want the witness there for due process purposes, and you want them there, but you don't say anything to say, Your Honor, I want this witness here. You need to issue a subpoena, whatever. You say you should have done it so spontaneously. It is up to the agency to stop an unjust deportation. The agency must level the playing field and make an inquiry to DHS. What efforts have they made to contact the witness? I like the statement, and I just want to say this. I like the statement, it's up to the agent to stop an unjust deportation. But I'm very uncomfortable with that. You've got a defendant there in the counsel, and it seems to be, well, I'm going to rely on the agency to do that, and I'm not going to ask for these things or make any effort beyond simply just saying, well, if it comes up, burden of proof is on you, as in a regular criminal case. Clearly it is. I just, I'm not, well, this is your area of expertise. That's what you say it is. I mean, that's what it is. But that doesn't read that way in the case law. There is case law on point, and I can give that to you on rebuttal, that discusses in another federal circuit how it is not the respondent's burden to rebut. It starts with DHS, who must prove the elements. What circuit is that? I'm sorry? What circuit? I will have that case for you on rebuttal. Not this one. Counsel, I think you're, and I don't mean this critically, but I think you're confusing, not confusing, you're mixing burden of proof with burden of production. As you've agreed with Judge Wynn, and we all know, the rules of evidence, this was not legal error to admit this damning testimony. And as Judge Wynn has said repeatedly, it's not a criminal case. Your client doesn't just get to sit back to see if the government can prove something. Your client, in the face of a prima facie showing of a fraudulent marriage, it seems to me, has a burden of production to come forward with something to, frankly, to put the matter in issue. Now, marriages come in all flavors, all styles. There are happy marriages. There are unhappy marriages. There are great marriages. There are awful marriages. There are short marriages. There are long marriages. There are successful marriages. But I would think that if the question is, was it a real marriage, you could produce witnesses and evidence and documents and photographs to show that it was a, quote, unquote, real marriage.  Don't you agree? I agree, Your Honor. And after the burden is shifted, the respondent has to rebut that evidence. Right. And here we have the erstwhile spouse saying, oh, no, that was a commercial transaction. I got a car and some money, and we weren't really married. But where are the proofs of that? Where is the proof of that? The sworn statement of the erstwhile wife. But there's no proof of the 15-year-old car. The statement is proof. It's a sworn statement? It's a sworn statement. Apart from statute of limitations for criminal prosecution, it's a sworn statement submitted in an official government proceeding. I mean, is your argument that we should categorically never permit the government to introduce sworn statements in immigration and removal proceedings? No, Your Honor. So where do you draw the line? Where do you draw the line? We draw the line when that evidence is cumulative or not rebutted. Wait, I didn't understand that. It's not cumulative to hear from the erstwhile spouse. That's not cumulative of anything. That's direct, powerful evidence of the truth of the matter asserted, that it was a fraudulent marriage. Right, and that's why its use is unfair in this context. Oh, I think you're begging the question now, really. Let me just back up for a moment. Okay. The context is narrow. The context is when there's a contested removability case, meaning not when, in many immigration cases, you concede removability, you concede that you're not a citizen of this country, and then you have the burden of proof of showing what you do qualify for, what your underlining relief is. Here, this is a contested removability case. So they're saying, Mr. Honda, you cannot keep your green card because you obtained it through fraud. And it's DHS's burden of proof of clear and convincing evidence. And I agree that it's not a criminal standard, but it's above preponderance of the evidence and slightly below, beyond a reasonable doubt, the criminal standard. And in this specific context, DHS, it's not unreasonable. Can you proffer, and maybe you did, I missed it in the record, can you proffer what impeachment would have been employed had she actually walked through the door, raised her right hand, and testified the way she testified in the sworn statement? Yes, Your Honor. What impeachment? It is our contention that the credibility of the- I'm not asking about contentions. I'm asking you directly, what impeachment would have been offered to undermine her direct testimony? The veracity of the statement. There's no notary seal. It's not taken under penalty of perjury. The inconsistencies, the way that she avoids some questions that are written down, the amount of time that passed between when the statement was taken- That's my problem. You made all those points. Sure. And this also touches on the motion in limine, because the context of how the statement was taken is very important. And so in this context, if she was to appear in court, we could ask her about if there was any sort of duress in which the statement was taken. Just having her there, present, to see if she still testifies to those alleged comments in that statement. Counsel, your time is up, but I do want to ask you a couple of questions about the evidence in this case. And maybe the panel has a disagreement about the importance of the statement, but as I understood the immigration judge's conclusions in this case, he relied primarily on what he perceived to be the internal inconsistencies in your client's testimony and the lack of probative evidence tending to show that this was a quote-unquote real marriage, however that's defined. And he gave diminished weight, he said, on the record, to the sworn statement precisely because of the lack of an inability to cross-examine. Shouldn't we take the judge at his word that he did not give compelling weight to this, I would concede, pretty damning evidence? But given the circumstances, he said, I'm not going to give it substantial weight. I'm going to rely on the other evidence in the record, and that is enough in my view. Here we are now on appeal, and you've got to show that even though the government had the burden below, you've now got to show that that conclusion is just not at all supported by the record. So where are we on that? Precisely, Your Honor. It is indeed a fallacy because if you take the statement out, you will not be able, DHS would not be able to have met their burden of proof of clear and convincing evidence. The statement impacted the immigration judge's decision, both at the hearing, as he called it, probative, and in the written decision. He makes recitations in the written decision as if the claims in the statement are true. He calls it, quote, further evidence that there was not a bona fide marriage, that, quote, these statements are relevant in the charge of removability. It not only impacted, it infused the immigration judge's decision, and he thereafter cherry picked the evidence to support the damning contents in the statement. There is favorable evidence, as Judge Davis mentioned, there is overwhelming favorable evidence that is summarily rejected. What about the numerous other sworn statements and documents that the ex-spouse filed on behalf of Mr. Hanna in the immigration, in the immigrant visa petitions? The two interviews that they went for before the legacy INS and USCIS, she therefore removed his conditions on his LPR, and again, they submitted documentation. I'm going to stop you there because you're running into your rebuttal, and I'll let you come back. I would like to reserve time on my report. All right, thank you. Thank you. We will hear from the affiliate in this matter. You can come back and give us your rebuttal statements. You might want to have your assistant back there make the argument. She seems pretty attentive. I'm sure she'd like to. Good morning. Allison Igo, Department of Justice, Office of Immigration Litigation, representing the Attorney General, Loretta Lynch. Judge Winn, I'd like to address your question first. It's actually answered by one of the cases that my opponent submitted yesterday with her 28-J letter. In Dallo, which was a Sixth Circuit case, it references a Ninth Circuit case, Beliza, which was cited in my opponent's brief. In that case, the court said that the government can not simply choose to use a hearsay statement without making a reasonable effort to locate the potential witness for cross-examination. I'd like to direct the court's attention to page 45 of the administrative record in which the petitioner argued that the government made repeated attempts to secure Williford's presence, but she refused to appear. That is why the I.J. admitted this statement. As you, Judge Diaz, pointed out, the I.J. just said that he gave significantly less weight to this statement. There was overwhelming evidence in this record that this was a fraudulent marriage. First of all, the I.J. found Mr. Hanna was not credible. My opponent did not challenge that finding, so we have a not-credible petitioner in this case. That was one issue. The immigration statute says the I.J. may issue a subpoena. It doesn't compel him to do so, but given the nature of this particular testimony and the reluctance of the witness to come in based upon the agency's desires, why wouldn't an I.J. then issue a subpoena and have this person come in? You can say, and I understand this, the lesser weight, and I think we should give deference, of course, to the consideration of I.J. of having said that, but when you look at this evidence, and I know you're about to go through a recantation of all the evidence here, the one thing that stands out is this wife's statement. That is it. Once you hear that, not many people are going to disagree with it if that is in fact the situation. That's direct evidence. She says this right there, and it just seems, I don't know if it's required, but it certainly seems to be prudent that under these circumstances an I.J. would issue a subpoena. I would suggest perhaps because the I.J. and no one there is able to give her immunity, and there is a question of prosecution in the case, and so perhaps there is a consideration. What time period? I'd be hard-pressed to believe the statute of limitations is not run on this thing. You're talking about a marriage that occurred when, in 2001? Is it one? And then it ended like in 2006, and we're in 2016? We're in 2016 now, but the hearing did not occur in 2016. The hearing occurred very shortly after, so the statute of limitations. The hearing occurred when? What year? What are we appealing for? We're appealing for something back in 2007. The hearing likely occurred only a couple of years after the marriage ended. So likely the statute of limitations, and that is why when she made this statement, she was – If you're in a situation where you could get testimony like this, could you get – I mean, it seems like to me a witness of this sort could be very material, and I don't think any reasonable witness that would know the circumstances to get up and make this statement without saying, wait a minute, I've got some Fifth Amendment rights here, whatever. Somebody ought to tell her. Isn't there a way to give her immunity then or to say, I mean – The only person that I know that can give immunity is a federal prosecutor, and what happened in this case – Somebody needs to ask the federal prosecutor to do it. I mean, under these circumstances, if you want that testimony to be used in this situation, I agree with that, but I don't think you can just sit there and have a proceeding that says, well, I can't do it. You've got to get a prosecutor. You can come in and testify and then be prosecuted tomorrow morning by this federal prosecutor over here. That doesn't sound like it's fair or even a reasonable way to do it. Sure, but these – But she's already made this statement. It's a sworn statement there, and so the issue of whether or not she can be prosecuted, that's something else. That's the quantum evidence. She's made this sworn statement. I'm only asking, yes, under these circumstances – And, of course, the other side indicates you've got the burden, you've got the burden, and I'm not so sure I follow all that to the extent that they can sit and do nothing, but it just seems to me at some point in time that IJ could have, certainly could have, and maybe should have issued a subpoena to have the lady come in. Well, I'm just surmising because of the way things happened. She was first called in or questioned by the agent, and she refused to talk to him, and then she returned voluntarily with a lawyer. So I suspect that that was a concern in this case because when she came back voluntarily to speak, she was accompanied by a lawyer, and that is in the record, and the IJ made no – The situation, she got a lawyer and makes this statement. I mean, when I say a situation, I can imagine a lawyer is going to let her make that statement and not understand that you could be prosecuted for it. So the concern of whether she can be prosecuted is the reason she's not coming doesn't seem to exist. She's got a lawyer, but – It's hard to know. The record is not – the record is very sparse on it. But, again, this is a due process – this is a due process question here. It's been raised as a due process question, and the petitioner has to show prejudice. Whether the agency has made reasonable efforts to get the witness there – Well, that's the admission of the statement. But in order to show – here, in order to claim a due process violation, the petitioner has to show that he was prejudiced by this. And the problem is that the evidence is so overwhelming that if you take this piece of evidence out, the evidence is – Assume it's not overwhelming. I mean, you've said that, but let's assume. Humor me a little bit and take my position, at least the one I'm going to put, not the one I'm officially doing, that a direct statement from a wife that it was a fraudulent marriage is, in the face of circumstantial evidence about the length of the marriage and all the other stuff, is really pretty damning information. Assume that's the truth and that other information is not overwhelming under those circumstances. It's certainly – it is certainly damning. However, however, we have proved many, many marriage fraud cases without statements from an ex-wife. Because if you look at this, you have a person who is – whose parole into the United States is about to expire. And he marries somebody that he met. He marries within five months somebody that he met. He marries them without – he claims it's a love marriage. There is not a single photo of these two people together in this record. Not a single photo. They are – they separate at convenient times. The only time that they are living together is when it is convenient for the immigration – for the immigration papers that they file. I think every bit of that looks bad. I'm just thinking – I just believe that a lot of circumstances that happens. They don't own – they don't own a single piece of – there is not an asset that they own together. Not one thing. They don't own even their bank account, although their names are on the bank account. None of that is required to have a legitimate marriage. None of that is required. My point is – and I agree. That – if you look at all the circumstantial evidence, that is the conclusion to come to. I can see how you can sustain on it. But this is a – this statement from her is right on point. I mean, that is a bull's-eye hit right there. I understand that. But when you – when we are talking – And you go in there and they object, says, wait a minute. And plus, she's on your witness list, as I understand. You had her on the witness list. Is that right? She was not on the witness list. She was not on the witness list for the hearing. I don't believe she was. I don't believe she was. I thought she was. No, I don't believe she was. Didn't the government take a continuance in this case to try to find her at one point in the hearing? Yes. The government sought a continuance. They wanted her there. Well, actually, they wanted her there when Mr. Hanna testified. After the statement was submitted, Mr. Hanna then testified that the reason for her statement was because she blackmailed him or made the statement only because she wanted a million dollars from his account because he had a lot of money in the account because of his auto export business. And that's why she made the statement. So the government sought her presence to rebut that statement. And that's why they wanted her to testify when you read the record because he was making that statement and he was impugning her credibility. And they wanted her to come in to rebut his testimony. What's wrong with the rule that some of our sister circuits have implemented that holds basically that the government can't use an affidavit in these circumstances from an absent witness unless they can show that reasonable efforts have been made to secure the witness's presence? I don't have an argument with that, but there were reasonable efforts made. The only thing that the government got up and said, well, we tried to find her and we can't find her. But there was no specific evidence presented. Hold on. No specific evidence presented as to what efforts were made. The petitioner argues that the government made repeated efforts and that she refused to come. I mean, the petitioner himself argues that in the brief. And the petitioner was there at the hearing. And my opponent states in her brief, in the administrative brief, that the government made repeated efforts, repeated attempts, that's a quote, and that she refused to come in. That is from the petitioner's administrative brief. So that's not me saying that. That is the petitioner saying that. If this panel grants relief, grants the petition for review, is my understanding correct that the outcome here is vacate and remand for further proceeding at which either they bring her in and she's subject to cross-examination and direct, or there's a do-over at which her statement is excluded? Do I have that right? It's unlikely there would be another hearing. Well, in other words, are you saying, oh, well, we'll just withdraw the notice to appear that he wins? Is that it? In my experience, a lot that's what happens. As a practical matter. As a practical matter, yeah. Why is that? I don't know. Because you're here arguing to us. As Judge Diaz said, the IJ purported to give minimal weight to the statement in the first place, and you're here arguing, I thought you didn't say this, I don't want to put words in your mouth, but you're here arguing we win this case even without the statement. So why would it be that if he prevails that there wouldn't just be a do-over? You're asking me if we send it back to have her come in. No, no, not to have her come in, but to correct the error, as I understand the record, the error alleged here is that the petitioner was deprived of due process insofar as, notwithstanding the IJ's disclaimer, insofar as this statement from the ex-spouse was admitted into the record. That's my understanding of the claim here. And so to fix that error, it would appear to me that you send it back for a do-over without that error. But the court, but I don't understand the reason for sending that back. I'm not asking you to understand the reason. I'm telling you the reason hypothetically. I'm not saying this is what's going to happen. I'm saying hypothetically the error alleged here is a due process error. In other words, in a criminal context, a defendant gets convicted and appeals and says, there's a piece of evidence that shouldn't have been admitted against me. What we would do, what we routinely do is we say, okay, you get a new trial, go back to the district court, and the government gets to try you again, but can't use that disputed evidence. That is true. You're saying it doesn't work this way in immigration? Well, no, but in due process, you have to show that the evidence prejudiced you. I understand that. Look, look, I'm past that point. I'm asking you to assume you lose. Okay. I'm asking you to assume, for purposes of this question, that you lose. You're asking me. Now, what happens? You're asking me to assume that the evidence prejudiced him. Yes. Okay. That the statement prejudiced him. That the statement prejudiced him. Yes. Then I am assuming that you would remand to the board, and then I don't know what the board would do. You don't know what the board would do? Well, no, because I'm not. Well, what would Homeland Security do? You represent Homeland Security. You don't represent the board. It seems like you've never been asked this question before, which makes me very happy when I ask a question that no judge has ever asked a lawyer before. Because you're asking me to get into the mind of one of the judges and assume what they're going to do. No, no, no, I'm not. I'm asking you to get into the mind of the agency you represent here. You don't represent the judges here. You represent Homeland Security and, ultimately, the Attorney General. Because it would go first to the board, and the board would decide what they are going to do first. Right. The board could remand it back to the IJ for another hearing. And that's what I'm asking. That's what I'm asking. Is that what the Homeland Security would ask of the board? The board would make the decision. Yeah, but the – never mind. No, but I – because the board is an agency in and of itself. I get that. But the board is an agency within the Department of Justice, and Homeland Security is a different agency where ICE belongs to the board and appears in front of the board. I'm trying to figure out how this works. If there is a due process violation to the extent, not that the statement was admitted, but to the extent that you can consider the statement, but if we import, let's say, a requirement that at least the government needs to articulate reasonable efforts were used, and if we find that the naked statement of getting up and saying we couldn't find it is not sufficient, I mean, why can't we send it back for an opportunity for the government to do one of at least two things, bring the witness in, or articulate for the record sufficient for our review the reasons that were undertaken and that these were reasonable efforts and you couldn't get her there. The board makes a determination. Our review is then limited in terms of whether or not it – But I believe that the record shows that they couldn't get her in because she refused. I mean, the record shows that. The petitioner stated that she refused to appear. Well, then that's when you bring up the subpoena, right? See, that goes to the reasonable efforts businesses. Yes, she refused. We accept that. But I ask the other side, you know, I have the statutes. The immigration statute allows the IJ to issue a subpoena. It also – I guess you could, too, from the agency perspective, issue one. All I know is she just refused. And I don't know what that means. Does that mean I picked up the phone, called and said, well, I don't feel like it today. I'm not coming. That's one level of refusal. Another is absolutely not. I'm never going to come and speak. I don't know. I'm on review here, and I'm looking at a record. I don't know. I understand what you say if it goes back, and the world of immigration law and the boards and how it functions is your purview. But it would seem as though we would have that opportunity if it was necessary, under these factors, to be able to get that bit of information. I'm not even sure a full-blown hearing is necessary because it is very specific, what we're saying here. You can use that statement, but you're going to have to articulate on the record something other than she refused. You're going to tell us what you've done or did you make some effort or undertake those efforts and have her come in and testify. I understand. I'd like to use my remaining time to just address – I understand. What do you mean you understand? I understand. But that's not good enough. I don't know what you mean, understand. You mean that can be done or cannot be done? I don't know, but I will investigate. You've never seen that done? You've never had a hearing? I have never appeared before an immigration judge or before the board. So I will go back and I will ask the ICE attorneys – No, I don't. I don't know. I don't think I've ever heard that before. Because I don't know whether it's possible to insist that the IJ issue a subpoena. I know that you can request that the immigration judge – Oh, I didn't say you would insist that they do it. I can tell you right now the statute does not say he must do it. It says may – May, exactly. So I don't know. I don't think the issue of the subpoena is conclusive. What we're saying is that the evidence is insufficient to satisfy the determination of whether the government used reasonable efforts to get her there. And the naked statement that she refused is insufficient. That's all we said, if we say that. Now the question is, why can't you go back, have that little hearing, and do what you do in trials all around, and either satisfy that or not? I mean, is that unreasonable, what I'm asking? Well, I believe in this case it is because I believe that there's so much evidence in this case. I understand your belief, but you have to live in a world in which a court tells you it isn't. And once you get that it isn't, the question, what can be done? I got your point, what you believe, but you're not the determiner here. We are. So if we determine it's not, and if I say that, I'm only hypothetically saying if it happens that way, how can it be fixed? You remand the case to the board with directions to tell the board to remand it to the IJ for a hearing. That is what you would do, which you've done in many, many cases. That's exactly what I was asking. But you have done that in many cases. And so part of the remand, has it been done in any case? The remand, because it's a very limited type inquiry needs to be made here. Either the government can produce this witness and allow the witness to testify and add that additional testimony, or you simply have the government articulate reasons why reasonably we couldn't get a hearing. And that might be included in we asked for a subpoena and the IJ wouldn't do it, or we issued one and she just ignored it. It might be. I'm not saying that's required either. But something other than she refused seems like it would be, now that does sound like due process to me, something other than she just refused. However, I would reiterate that in due process cases, there has to show prejudice. And in this case, the petitioner has not shown that this piece of evidence was prejudicial in light of the overwhelming evidence. I want to reiterate that the determination of prejudice is something that we make a determination of, and we decide that letter as direct evidence that I was in a fraudulent marriage with my husband is prejudicial to the extent that I don't care what else you say, that stuff is pretty good. That is as good as any eyewitness I've ever heard to a murder. I mean, you can have a man dead on the floor and a gun and smoking everywhere, but if someone comes and says, I saw him shoot that guy right there with that gun, then you know that is prejudicial. I appreciate you, but I would ask that the court defer to the immigration judge's ruling that he gave that piece of evidence lesser weight than all of the other evidence in this case, and that the board defer to the IJ's ruling in that. And I would ask the court to defer to that ruling as well. Thank you. Thank you very much. Announce your last name for me again. Tagavi. Tagavi, okay. Your Honors, we must be very careful about not budging the facts here. First of all, the hearing was in 2013. What remedy are you asking us to give you? We are asking you to reverse and to dismiss the proceedings against Mr. Hanna. And why would that be the appropriate remedy? That is the appropriate remedy because there was a defect in the proceedings. I understand that, but let me ask this question. Do you contend that that remedy is compelled by law? Yes, Your Honor. And what statute says that? What case of ours or the Supreme Court says that? We want this court to hold. Is that a no? Is that a no such statute? This court has not answered that question, and we hope that this court will answer that question. Well, which court has? It has been the 1st, 5th, 6th, 9th, 7th, and 3rd. That compels the result of dismissal? That answers the question of defect, the first prong in the due process violation. Right, but I think Judge Davis was asking about the remedy. And you seem adamant that the remedy is dismissal as opposed to sending the case back for a hearing without the defective evidence. Isn't that the appropriate remedy? We ask that as an alternative. That's nice of you, but I'm asking you whether your proposed remedy has any support in the law. The support is that there was a defect in the proceeding, which was admission of the statement that was unfair and undermined the proceeding. And that prejudiced the case, because without the statement, DHS cannot meet their burden of proof. So you're saying as a matter of law, the evidence in the record just simply is insufficient? Yes. Absent the statement? Even with the statement, frankly. DHS cannot. I don't know about that. Well, if you look at the standard. I was thinking, where are you going on this? But, you know, you say the statement itself couldn't come in, but it could if the government articulated reasons, and we found that was sufficient to show they had done everything they could to get this, or they had used reasonable efforts. And if that's what we say is lacking in this case, then it seems to me the government can do one of two things. It can go back and bring the witness, or it can articulate the reasonable efforts, and then the board makes a determination when it comes back on review. Our review is very limited in terms of how we're going to – we're not going to come up and make factual findings as to whether they made reasonable efforts. All we're going to do is review what was below. So it doesn't look like it's that difficult to me, but I don't do immigration law, so I don't know. It seems like to me you send it back and the government comes in and says, hey, here's a whole bunch of things we did right here. The board makes a determination, one way or the other, either witness is used or not, or you can go back and have the hearing over again and not even have this lady come in. And as the government probably has said, and I would say perhaps correctly, that might be sufficient without that statement upon review for us to say it exists. That's correct, Your Honor. What's correct? That's correct, that that could be a solution to this case. The whole thing you just said. Well, the latter part of what you said. But in order – what you're saying, if I'm correct, is to remand the case, that would be the more appropriate decision, to remand the case. But in order to do that, this court must answer the first question, which is if we admit this statement when DHS has a burden of proof with no efforts on record, that that is a defect in the proceeding. So this court should, and we ask this court, to join the other circuits. Now, we're not – this case is not going into reasonable efforts because there's nothing on record, and this is when I talk about fudging the facts. There is nothing about repeated efforts to make her appear. She is on the witness list. It's a fallacy. We don't know if and when counsel knew when and if she was going to appear. It's even more egregious in that respect. And it's an afterthought. The case goes on, the agent presents the contents of the witness, and there's an adjournment, and DHS says, we'll let you know if we can find her. And then they don't. This is an afterthought. The problem in reasonable efforts comes in in the very beginning, when you admit that statement. We're talking about admissibility. The judge says – I'm sorry, Mr. Hanna's attorney says, the witness is not present. And DHS says that goes to wait. And then it's overruled. And that's when the statement is entered. And so we don't even get to the question of reasonable efforts. And this case does not give you the facts and circumstances for this court to go into whether reasonable efforts were made and what does that mean if they were. There's no efforts. And we're just asking this court to find squarely that in this context, when a statement is entered and there's no efforts to procure that witness, that is a defect in the proceeding. That meets the first prong of a due process violation. And if you want to remand, then it would give Mr. Hanna another opportunity to – I think that's a perfectly reasonable request. So let me ask you this. Imagine, if you will, that they produce her. They actually get her to show up. And she invokes the Fifth Amendment. And the ALJ, the IJ, sustains the invocation of the Fifth Amendment. Is it then your argument – I realize that's not this case, certainly not yet – but is it then your argument that the government automatically loses? Under these facts and circumstances, I would say yes. Because they can't meet their burden of proof of clear and convincing evidence. It's a very heavy burden. You're not arguing that the testimony of an ex-spouse or a fraudulently obtained spouse is absolutely essential to proving a fraudulent marriage. That's correct, Your Honor. Okay, so that goes back to your substantial evidence argument. Your first argument here is, with or without the statement, there's not sufficient evidence here to establish the fraudulent character of the marriage. And obviously you also argue that if you take out the statement, there's still not sufficient evidence. And so your argument, your first argument is you win as a matter of law for insufficiency. But your second argument is that it seems to be that – well, I'm not sure what your second argument is. You said in the alternative you agree you would accept a remand, but I'm not sure what you would expect to gain in a remand. Oh, you want a whole new hearing. I see your point. If we remanded, you would say send it to a new I.J. who would be shielded off from the prior proceedings entirely, including the adverse credibility determination. Correct. Now, why would your client be entitled not to have to litigate this case going forward on the basis of the existing adverse credibility determination, which you don't even challenge in this case, in this petition? Your Honor, we do challenge the credibility. So give me a brief page where you challenge it. On what page of the brief do you challenge it? Well, it's – I can't think of a page right now. But I can go through specifically each credibility finding, and individually and collectively they cannot be reached without the statement. The statement is relied on in order to get to that adverse credibility finding. And there's overwhelming – Not what the I.J. said. Of course he's not going to say that because he – I don't know about that. Anyway, I've consumed your time, and perhaps Judge Wynn wants to give you a moment to summarize. Please. Let's go to the credibility finding. No, you get a moment. You get a moment to summarize. I have almost two minutes. No, you are two minutes over. Oh, I'm sorry. So I will just be very brief with the court's permission. This is what you now get to say. We'd ask that you would please reverse the finding, dismiss the proceedings, or in the alternative, remand the case and present it before a different immigration judge. Thank you, Your Honor. Thank you.
judges: James A. Wynn, Jr., Albert Diaz, Andre M. Davis